## Clever v. Erie Insurance Co.

*Frank R. Fleming, III,* for plaintiff.
*Mark Martini* and *Arthur J. Leonard,* for defendant.

PANCHIK, *J.,* October 6, 2009—Before the court for disposition is defendant, Erie Insurance Company's motion to compel discovery.

## BACKGROUND

Plaintiff, Luann Clever, was involved in an automobile accident on August 23, 2003 which resulted in serious injuries, including a fracture of her right foot and ankle. Defendant was plaintiff's automobile insurance carrier at the time of the accident and plaintiff made a claim under her first-party coverage.

According to plaintiff's complaint, she has not fully recovered from the injuries she suffered in 2003, and has continued to seek treatment. In July 2008, plaintiff was given a prescription for physical therapy for her right

foot and ankle. She received treatment at Keystone Physical Therapy. Defendant submitted the prescription, and the physical therapy received, to a PRO review. As a result of the PRO, defendant determined that plaintiff's ongoing treatment and physical therapy with Keystone was neither reasonable nor necessary to address her needs.

Plaintiff filed the instant lawsuit in November 2008, pleading a breach of contract claim against defendant. Defendant filed its motion to compel discovery on June 17, 2009, averring that plaintiff's responses to its interrogatories and request for production of documents were "unresponsive and improper."

Argument on defendant's motion was heard by the court on July 31, 2009.

## DISCUSSION

At argument, defendant presented the numbers of the interrogatories and requests for production that defendant contends deserve more complete responses. Plaintiff responded to each of these points, and issues with respect to some of the interrogatories were resolved in the course of argument. Defendant withdrew its motion to compel as to interrogatories no. 13 and no. 14. Each remaining category of interrogatories will be addressed in turn.

*Plaintiff's Present Physical
Condition (Interrogatory 4)*

Interrogatory 4 asks, "[i]f you have not fully recovered from all of your injuries, state in what respect you are still affected by them and what improvements you have

made." Plaintiff argues that this inquiry is beyond the scope of the PRO review, because it asks plaintiff for statements regarding her physical condition, while only plaintiff's medical records were considered during the PRO review. Plaintiff also avers that to provide this information to defendant would impose an undue burden upon plaintiff which constitutes harassment. Defendant contends that the information requested is relevant as plaintiff is claiming ongoing expenses.

The court finds that it would not be unduly burdensome for plaintiff to respond to this interrogatory. The question merely asks plaintiff what her present physical ailments are and how her condition has improved or deteriorated since the original accident. As the court reads it, the question does not require plaintiff to recount her entire treatment history from the accident to present day—it merely asks plaintiff to compare her present condition with the condition existing at the time of the accident.

While defendant may not have asked this question of plaintiff during the PRO review, the purpose of this litigation is to determine whether the conclusion reached by the PRO (that the treatments sought by plaintiff were unnecessary) was correct. Under the Pennsylvania Rule of Civil Procedure 4003.1, "a party may obtain discovery regarding *any* matter, not privileged, which is relevant to the subject matter involved in the pending action." Pa.R.C.P. 4003.1(a). (emphasis added) It seems to the court that information regarding plaintiff's current physical ailments and whether her symptoms have improved or become worse over time is relevant to that inquiry.

## Continuing Treatment (Interrogatories 5, 6, 7 and 9)

Interrogatories 5, 6, 7 and 9 inquire as to treatment plaintiff has received since the accident occurred in 2003. Plaintiff objected on the basis that defendant should have most of that information, and that information relating to her treatment immediately following the accident is not relevant to whether the treatment she is currently seeking is reasonable and necessary. At argument, the parties agreed that plaintiff would provide the information requested in the interrogatories, but that the information would be limited in scope to treatments, providers, and billing from the time of the PRO review to present day.

## Unpaid Medical Bills (Interrogatories 15 and 16)

Defendant seeks information regarding medical or prescription bills that were the result of the 2003 accident and that plaintiff alleges were not paid by defendant.

Additionally, defendant seeks information regarding who actually paid for the medical care and/or prescriptions if defendant did not. Plaintiff at argument agreed to provide copies of bills for services received/prescriptions filled from the date of the PRO to present.[1]

---

1. Defendant stated that it wished to prevent double recovery for plaintiff—*i.e.,* if another insurer has already paid a bill, defendant does not want to permit plaintiff to recover twice. Plaintiff responded that defendant has no obligation to prevent double recovery to plaintiff, and that plaintiff would be responsible for making sure this did not occur.

## *Damages Claimed (Interrogatory 18)*

Defendant seeks information regarding the amount of damages plaintiff is claiming and how these damages were calculated. At argument, plaintiff agreed to provide information regarding her damages from the point of the PRO review forward, with the option to amend if additional claims are denied as this litigation continues.

## *Underlying Tort Litigation*
## *(Interrogatories 34, 35, 36 and 40)*

Defendant requested information regarding suit against the other individuals involved in plaintiff's 2003 accident, including any depositions that were taken in conjunction with such a suit. Plaintiff's response at argument was, essentially, that any information regarding a previous lawsuit is available in the office of the Armstrong County Prothonotary, and that the underlying tort suit is irrelevant to whether the treatment currently claimed is reasonable and necessary. Further, plaintiff argues that providing any information related to the underlying suit would be "doing defendant's work for them."

The court agrees that plaintiff is not required to produce information which is available to defendant in the public domain.[2] Nor must plaintiff provide privileged information. Furthermore, the court agrees with plaintiff's contention that the underlying tort suit is not relevant to the instant action. The medical cost claims at

---

2. With this in mind, however, the court sees no reason that plaintiff cannot respond to questions regarding the docket number or court in which the suit was filed if such a question were asked.

issue here are the first that defendant has denied. Therefore, as plaintiff points out, it appears that defendant concluded that all treatments received prior to the present denial *were* reasonable and necessary. As such, the court at this time fails to see how information regarding the litigation arising from the underlying accident is relevant to determining whether the current treatments are reasonable and necessary.

### Request for Production of Documents

Defendant's issues with respect to requests for production numbers 5, 6, 7, 8 and 12 are addressed through the agreement of the parties with respect to the interrogatories discussed above.[3] Thus the only disputed request for production remaining is no. 15, which requests that plaintiff provide "[a]ny and all documents that you rely upon in support of your contention that the 'PRO review is in error.'"

Plaintiff contends that she cannot provide this information, as she believes this to be a "stealth" request for an expert report. The court does not read this request so narrowly, particularly as defendant's request no. 6 specifically asks for "[a]ll reports of experts who have been consulted." Defendant's request appears merely to request documents, if any, that plaintiff used in coming to its conclusion that the PRO review was in error. The court does not envision this request to cover an expert report. The court finds this to be a reasonable request. If no such

---

3. These requests for production deal with items such as bills and information relating to prior litigation.

documents exist, certainly plaintiffs can respond to that effect.

An appropriate order will be entered.

## ORDER

And now, October 6, 2009, defendant's motion to compel discovery is hereby granted. Plaintiff is ordered to respond to the interrogatories as reflected in the foregoing memorandum.